# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. 1:22-cr-90 |
| Plaintiff, | : | |
| | : | JUDGE PAMELA A. BARKER |
| vs. | : | |
| | : | **DEFENDANT'S SENTENCING MEMORANDUM/ OBJECTION TO NEW PRE-SENTENCE REPORT/ MOTION TO WITHDRAW PLEA** |
| **KENNETH EVANS** | : | |
| Defendant. | : | |

Now comes Defendant, KENNETH EVANS, by and through undersigned Counsel, and respectfully requests that this Honorable Court impose an equitable sentence, based on the guideline range for an Offense Level of 14 and a Criminal History Category of V. The Defendant asks that the Court consider the Revised Final Pre-Sentence Investigation Report from April 12, 2023 and disregard any subsequent reports when sentencing Mr. Evans. In the alternative, Mr. Evans respectfully requests this Honorable Court that he be given the opportunity to withdraw his previously entered guilty plea in this matter. The reasons for this request are more fully set forth in the Memorandum, which is attached hereto and fully incorporated herein by reference.

Respectfully submitted,

/s/ KEVIN M. SPELLACY
**KEVIN M. SPELLACY (0042374)**
323 West Lakeside Ave., Suite 200
Cleveland, OH 44113
Phone (216) 344-9220
Fax: (216) 664-6999
E-mail: kspell@mghslaw.com

COUNSEL FOR DEFENDANT
KENNETH EVANS

## MEMORANDUM

Mr. Evans was indicted on March 3, 2022. He entered a not guilty plea and the case commenced. Throughout the pendency of this case, counsel for the Government and for the Defense continually attempted to reach a resolution. One main issue was Mr. Evans' criminal history, specifically whether or not Mr. Evans' prior Aggravated Robbery convictions under O.R.C. §§ 29011.01(A)(1) & (A)(3) would cause Mr. Evans to qualify for a sentence enhancement under the Armed Career Criminal Act ("ACCA"). After much discussion a Criminal History Category Report was requested and issued by pre-trial services. (R. 16, Criminal History Only Pre-Sentence Report as to Kenneth Evans). As indicated in the Government's Sentencing Memorandum, the parties reached an understanding that Mr. Evans would not be subject to the ACCA. (*See* R. 28, Sentencing Memorandum by United States of America as to Kenneth Evans, PageID 195).

Mr. Evans pleaded guilty to the indictment, without a plea agreement, on January 10, 2023. However, it was understood at that time, and relied upon by the defendant, that the Aggravated Robbery offenses would not be used to calculate an enhancement. Based on the understanding amongst parties, counsel for the Defense had indicated to Mr. Evans that his Offense Level, for the purposes of guideline sentencing, would be 14.

The case was set to for sentencing on April 25, 2023. The first disclosure of the Pre-Sentence Investigation Report was on March 14, 2023. (R. 17, Pre-Sentence Investigation Report (sealed), PageID 56-79). That report indicated Mr. Evans' Offense Level was 14. (*See id.*, ¶74). The United States objected to the initial report, as memorialized in the Final Pre-Sentence Report from April 11, 2023. (R. 18, Final Pre-Sentence Investigation Report (sealed), PageID 104-05). The Government argued that a prior conviction under O.R.C. § 29011.01(A)(1) qualifies as an

offense of violence under the Sentencing Guidelines. (*See id.*, PageID 104). The Probation Officer responded to the objection. (*Id.*, PageID 105-06). The position of the U.S. Probation Office is that, although Ohio Robbery convictions *can* qualify as crimes of violence, a conviction for an Ohio Aggravated Robbery Conviction under O.R.C. §§ 29011.01(A)(1) or (A)(3), the specific subsection of the underlying theft under O.R.C. § 2913.01 must be specified. Without the proper documentation, the conviction in question under O.R.C. §§ 29011.01(A)(1) or (A)(3) does not qualify as a crime of violence. (*See id.*, PageID 106).

On April 12, 2023, a small change was made to the April 11, 2023 report, so as to adopt Mr. Evans' statement of acceptance of responsibility. The sentencing, set for April 25, 2023, was continued until May 10, 2023. On May 2, Pretrial services informed counsel, via email, that a revised Pre-Sentence Report would be forthcoming. That report would indicate that Mr. Evans' Aggravated Robbery convictions are now considered crimes of violence and would increase his total guideline offense level from 14 to 21. A final revised Pre-Sentence Investigation Report was released on June 8, 2023. (R. 26, 2nd Revised Pre-Sentence Report (sealed), PageID 160-184).

After months of operating with the understanding that Mr. Evans' Offense Level was 14, Criminal History Category V, and Sentencing Guideline Range of 31-44 months, this report more than doubled his Sentencing Guideline Range. Mr. Evans is facing 70-87 months under this last-minute enhancement. *(Id.*, ¶76). Such an enormous shift in the amount of time Mr. Evans is facing is not only fundamentally unfair, but undermines the entire process undertaken by both parties over the last year. Mr. Evans made major decisions relying on the understanding that existed between parties for months. Counsel for the defense advised his client on that understanding. The Government seeks not only to increase the offense level, but also asks this Honorable Court for an upward departure from the sentencing guidelines and seeks a 100-month sentence. Such an ask is

far outside of what the understanding between parties was for months and is unnecessarily excessive to adequately punish and deter.

If this Court were to adopt the recommendations of the 2nd Revised Final Presentence Investigation Report from June 8, 2023, Mr. Evans respectfully requests he be allowed to withdraw his plea in this matter. Pursuant to Fed. R. Crim. P. 11(d)(2), "a defendant may withdraw a plea of guilty or nolo contendere after the court accepts the plea, but before it imposes sentence if the court rejects a plea agreement under 11(c)(5) or the defendant can show a fair and just reason for requesting the withdrawal." "The purpose of Rule 11(d) is to allow a 'hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Dixon*, 479 F.3d 431, 436 (6th Cir. 2007) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)). In determining whether a defendant has shown "a fair and just reason," a court must consider the totality of the circumstances, including the following factors:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded in part by statute on other grounds as stated in United States v. Caseslorente*, 220 F.3d 727, 734-35 (6th Cir. 2000). "These factors represent 'a general, non-exclusive list and no one factor is

controlling.'" *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011) (quoting *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)).

In the matter at bar, Mr. Evans would not be attempting to withdraw his plea because he believes he made a bad choice. He would withdraw his plea because the circumstances surrounding the plea have changed significantly. Mr. Evans entered his guilty plea on January 10, 2023. The probation department filed its Final (Revised) Presentence Investigation Report on April 12, 2012. Given that the probation department did not recalculate Mr. Evan's offense level and advisory guidelines range based on the objections filed by counsel in the April 12, 2023 report, but did so in the June 8, 2023 report, Mr. Evans has not waited an inordinate amount of time to raise this issue. Had Mr. Evans known the sentencing guideline rang he was potentially facing was double what the understanding amongst parties was at the time of his plea, Mr. Evans would have considered withdrawing his previously entered guilty plea earlier in these proceedings. While there is no denying that Mr. Evans does have some experience with the criminal justice system, such an increase in a potential sentence is an uncommon occurrence that he could not contemplated in the time since he entered the guilty plea. Mr. Evans is raising this issue with the Court within less than two weeks of the release of the June 8 2nd Revised Pre-Sentence Investigation Report.

Given the significant change in circumstances that have occurred since Mr. Evans entered his guilty plea, he has a fair and just reason for requesting the withdrawal. As such, Mr. Evans respectfully requests that if this Honorable Court were to adopt the calculations set forth in the 2nd Final Pre-Sentence Investigation Report, he be allowed to withdraw his previously entered guilty plea.

WHEREFORE, Defendant, Kenneth Evans respectfully requests that this Honorable Court impose an equitable sentence, based on the guideline range for an Offense Level of 14 and

a Criminal History Category of V. The Defendant asks that This Honorable Court consider the Revised Final Pre-Sentence Investigation Report from April 12, 2023 and disregard any subsequent reports when sentencing Mr. Evans. In the alternative, Mr. Evans respectfully requests that this Honorable Court allow him the opportunity to withdraw his previously entered guilty plea in this matter.

Respectfully submitted,

/s/ KEVIN M. SPELLACY
**KEVIN M. SPELLACY  (0042374)**
323 West Lakeside Ave., Suite 200
Cleveland, OH 44113
Phone  (216) 344-9220
Fax:     (216) 664-6999
E-mail: kspell@mghslaw.com

COUNSEL FOR DEFENDANT
KENNETH EVANS

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was served upon all on record via submittal to the Court's electronic filing system, on this 21st day of June, 2023.

/s/ KEVIN M. SPELLACY
**KEVIN M. SPELLACY (0042374)**